### Hoyt and others *vs.* Blain.

Where a plaintiff, who had a verdict in *assumpsit* for less than $50, and was not entitled to costs, sued out a *scire facias*, and obtained a judgment therein, *as well for costs* as for the *damages* in the original suit, the defendant not having appeared to the *scire facias*, under the impression that the plaintiff could not recover costs, and with the knowledge that the costs, which he was entitled to demand of the plaintiff, exceeded the damages, the proceedings upon the *scire facias* were set aside, on the ground that they were had *mala fide*, the plaintiffs knowing that there was nothing due to them.

Where a *scire facias* is prosecuted in *good faith* in a proper case, *costs* follow the recovery of judgment, be the amount of recovery ever so small.

June 5.       THE plaintiffs, in June, 1830, obtained a verdict against the defendant for $30,51 in an action of *assumpsit*, the demands exhibited on the trial not being such as entitled the plaintiffs to costs.   The defendant supposing that his *costs* would be a full set-off against the *damages*, and the plaintiffs being insolvent, suffered the matter to sleep.   In the autumn of 1833, he was served with a *scire facias quare executionem non* ; when, being advised that the plaintiffs would not be entitled to costs in the *scire facias* suit, he took no measures to defend the same, until January, 1834, when he was called upon by the sheriff with an execution reciting a judgment for the *damages*, viz. $30,51, and also for $20,05, the costs and charges expended by the plaintiffs by reason of the delay of execution &c. and directing the levy of the same.   In *February* this court stayed all proceedings on the execution, and gave leave to the defendant to move for costs in the original action, and that the same be incorporated in the record filed

by the plaintiffs. The motion having been made, the follow-
ing was the decision of the court thereon :

*By the Court,* SUTHERLAND, J. The sum recovered by the
plaintiffs in the original action was not sufficient to entitle them
to costs ; the defendant was therefore entitled to judgment
against the plaintiffs for his full costs in this court, 2 R. S. 615,
§ 16, the case not falling within any of the exceptions men-
tioned in § 8 and 9. The cause having been tried at the cir-
cuit, the defendant's costs undoubtedly exceeded the plaintiff's
recovery, and nothing was due to them. In such a case there
is to be but one record, which gives judgment to the plaintiff
for the damages recovered, and for the defendant for his costs ;
if the plaintiff refuse to make up such a record, the defendant
upon application to the court, will have leave to do it. In
this case, the defendant's attorney knowing that his costs ex-
ceeded the plaintiffs' recovery, and knowing the plaintiffs to be
insolvent, thought it unnecessary to take any further steps in
the case, taking it for granted, as he well might, that the plain-
tiffs would never attempt to collect their damages. Their
subsequent proceedings upon the *scire facias* can hardly be
considered as had in good faith : nothing was due to them,
and they and their attorney knew it. Where a *scire facias*
is prosecuted in *good faith*, and in a *proper case*, costs fol-
low the recovery, no matter how small the amount : the stat-
ute is express upon this point, 2 R. S. 613, § 3 ; but this is
not a case of that description. The defendant, therefore, has
leave to enter a suggestion upon the original record filed in
this cause, awarding to him his costs as of that time, which
he will be allowed to set-off against the plaintiffs' damages in
the original action, and all the proceedings upon the *scire
facias* are set aside. No costs of this motion to either party,
one having been irregular and the other negligent.